UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSE LEAL,

    Plaintiff,

vs.

                                      Case No.:

DELACRUZ ENTERPRISE'S INC., a
Florida Profit Corporation; and
CESAR LONGORIA, Individually,

    Defendants.          /

**COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, JESSE LEAL ("Plaintiff"), by and through the undersigned counsel, and files this Complaint against Defendants, DELACRUZ ENTERPRISE'S INC. a Florida Profit Corporation ("DELACRUZ"); and CESAR LONGORIA, Individually ("LONGORIA") (collectively "Defendants"), and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain a judgment against Defendants as to liability, recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b), 29 U.S.C. §215(a) and 28 U.S.C. §§ 2201-2202.

3. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment

claim pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claim forms a part of the same case or controversy and arise out the common nucleus of operative facts as his overtime claim.

4. Venue is proper in this Court because the Plaintiff resides within the District and Defendant maintains business operations within the District.

## PARTIES

5. At all times material hereto, Plaintiff was and continues to be a resident of Lee County, Florida.

6. At all times material hereto, Defendant DELACRUZ was, and continues to be a Florida Profit Corporation. Further, at all times material hereto, Defendant DELACRUZ was, and continues to be, engaged in business in Florida, doing business in Lee County.

7. Based on the information and belief, at all times material hereto, Defendant LONGORIA was and is individual resident of Lee County, Florida.

8. At all times material hereto LONGORIA managed and operated DELACRUZ.

9. At all times material hereto, LONGORIA regularly exercised the authority to: (a) hire and fire employees of DELACRUZ; (b) determine the work schedules for the employees of DELACRUZ; and (c) control the finances and operations of DELACRUZ.

10. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of DELACRUZ; (b) determine the work schedules for the employees of DELACRUZ; and (c) control the finances and operations of DELACRUZ, LONGORIA is an employer as defined by 29 U.S.C. 201 *et. seq.*

11. Further, at all times material hereto, LONGORIA was/is the Manager for DELACRUZ, acting in DELACRUZ's interest in directing the work of Plaintiff.

12. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

13. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

14. At all times material to this action, DELACRUZ was, and continues to be, an "enterprise engaged the handling, selling, or otherwise working on goods or materials that have been moved in or produced for such commerce by any person" within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Defendant DELACRUZ was in excess of $500,000.00 per annum during the relevant time periods.

16. At all times material hereto, Defendant DELACRUZ had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as company, computers, telephones, trucks, lumber, metal, tools, and construction equipment.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

18. DELACRUZ is a company that constructs and repairs/restores commercial projects.

19. In approximately mid-2018, Defendants hired Plaintiff to work as a non-exempt "metal framer."

3

20. Plaintiff's job duties included, but were not limited to, the installation of wall systems which involved sizing and cutting metal studs, installing tracks, and finishing with drywall.

21. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

22. Plaintiff was consistently required to work over fifty five (55) hours each week.

23. Defendant DELACRUZ did not pay Plaintiff over forty (40) hours in each week on his paycheck, regardless of actual hours worked.

24. LONGORIA paid limited amounts of overtime premiums to Plaintiff in cash.

25. The amounts paid in cash failed to properly compensate Plaintiff the proper rate of one and one-half times Plaintiff's regular rate for his hours worked over forty (40).

26. On the occasions that Plaintiff missed a day of work, he was required to cash his paycheck for forty hours, and pay LONGORIA back for the day he did not work. .

27. Plaintiff was required to bear the cost of Defendants' business expenses, such as gas for the Company vehicle, water and ice for Defendants' employees.

28. Plaintiff was required to contribute to these expenses in the amount of approximately $100.00 per week.

29. Defendants did not properly reimburse Plaintiff for these amounts.  In weeks in which Plaintiff incurred these expenses and also worked overtime hours, this failure to reimburse Plaintiff for expenses incurred on behalf of the Company resulted in an improper "kickback" to the Company, wherein Plaintiff did not receive his overtime

4

compensation "free and clear" as required by the FLSA.

30. In weeks in which Plaintiff did not work overtime, he was also required by Defendants to incur expenses for gas and refreshments.

31. Defendants passed their business expenses for gas and refreshments for their employees, which benefitted Defendants at Plaintiff's expense.

32. It would be unjust for Defendants to retain the value of Plaintiff's financial contribution to satisfy Defendants business' expenses without proper reimbursement.

33. From approximately mid-2018 and continuing through August 10, 2020, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

34. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of (40) hours per week as required by the FLSA.

35. Defendants have violated Title 29 U.S.C. §207 from at least mid-2018 and continuing through at least August 10, 2020, in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more weeks for the period of his employment with Defendants;

    b. Defendants have failed to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA; and

    c. Upon information and belief, Defendants have failed to maintain proper time and pay records as mandated by the FLSA.

5

36. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

37. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

38. Plaintiff incorporates paragraphs 1-37, above, as though fully set forth herein.

39. From at least mid-2018 and continuing through August 10, 2020, Plaintiff worked in excess of forty (40) hours during one or more weeks of his employment for which he was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

40. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours.

41. Plaintiff is owed compensation for his financial contribution for Defendants' business expenses incurred during weeks in which he worked overtime, as failure to compensate Plaintiff for his purchases on Defendants behalf results in an improper and unlawful kickback to Defendants, and denied Plaintiff his right to receive overtime premiums "free and clear."

42. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours

worked in excess of forty (40) hours per week when they knew, or should have known, such was and is due.

43. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

44. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

45. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relied deemed proper by this Court.

## COUNT II
## UNJUST ENRICHMENT

46. Plaintiff reincorporates paragraphs 1-37, above, as though fully set forth herein.

47. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as his overtime claim.

48. During the court of his employment, in the three years preceding the filing of this Complaint, Plaintiff purchased supplies on Defendants behalf for which he was not compensated.

49. Defendants knowingly accepted and required Plaintiff to provide these

supplies, and retained the benefit of these items at Plaintiff's own expense, without reimbursement.

50. Plaintiff makes this claim to the extent that expenses incurred in weeks in which he did not work any overtime hours.

51. Plaintiff's unjust enrichment claims seek to recover amounts that should have been paid by Defendants to Plaintiff as wages for non-overtime hours, but were not paid because Defendants forced Plaintiff to incur expenses for their benefit which cut into the wages he earned.

52. It would be unjust to allow Defendants to retain the value of purchases they required from Plaintiff on Defendants' behalf.

53. As such, the amounts Plaintiff seeks to have reimbursed also constitute wages under Fl. Stat. § 448.08.

Wherefore, Plaintiff prays for the following relief:

    a.    A declaration that Plaintiff is entitled to reimbursement for all purchases made for Defendants;

    b.    An award of restitution or disgorgement of the purchase price of all items Plaintiff purchased on Defendants' behalf in the three years preceding the date of this Complaint for which he has not yet been reimbursed;

    c.    An award of the costs of suit and reasonable attorneys' fees pursuant to Fl. Stat. § 448.08;

    d.    An award of pre- and post-judgment interest; and

    e.    Any and all other relief that the Court deems just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

DATED this  6th  day of November, 2020.

>Respectfully Submitted,
>
>_____
>Angeli Murthy, Esq., B.C.S.
>Florida Bar No.: 088758
>Morgan & Morgan, P.A.
>8151 Peters Rd. Suite 4000
>Plantation, FL 33324
>Telephone: (954) 327-5369
>Facsimile:  (954) 327-3016
>Email: amurthy@forthepeople.com
>*Trial Counsel for Plaintiff*

## VERIFICATION

I, **JESSE LEAL**, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Dated: 10/30/2020

*Jesse Leal*
**JESSE LEAL**